Filed 12/2/15  P. v. Gonzales CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051278 |
| v. | (Super. Ct. No. 08CF1267) |
| GABRIEL ANTHONY GONZALES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Reversed and remanded with instructions.

Cynthia Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, A. Natasha Cortina and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

This is an appeal from a petition to redesignate defendant's prior felony conviction to a misdemeanor pursuant to Proposition 47. In 2008 defendant pleaded guilty to one felony count of second degree vehicle burglary (Pen. Code, §§ 459, 460, subd. (b); count 1)[1] and one felony count of receiving stolen property (§ 496, subd. (a); count 2). In June 2008, defendant was sentenced to four years in state prison, consisting of the midterm on count 1, doubled to reflect a prior strike. The sentence on count 2 was suspended pursuant to section 654.

In December 2014, defendant petitioned to redesignate his felony convictions to misdemeanors pursuant to section 1170.18, subdivision (f), which provides, "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." Subdivision (g) provides, "If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."

The People opposed the petition with respect to count 1 on the ground that a vehicle burglary did not qualify for relief under section 1170.18. The People did not oppose the petition with regard to count 2, stating that defendant was entitled to the relief requested because he had "completed his . . . sentence for this . . . felony conviction and is *entitled to have the felony conviction*[] *designated as a misdemeanor pursuant to . . . Section 1170.18, subd. (f).*" (Italics added.)

Nonetheless, the court denied the petition in its entirety, stating, "Counts 1 and 2 in the petitions are denied. They don't fall within Prop 47 based on the court's reading, so resentencing is moot."

---

[1] All statutory references are to the Penal Code.

2

Defendant's appeal concerns only count 2, the receiving stolen property conviction. On appeal, the People once again concede that defendant's conviction for receiving stolen property "is statutorily eligible to be re-designated as a misdemeanor" but then requests a remand to allow the trial court to "determine whether his conviction for receiving stolen property satisfies the criteria for designation as a misdemeanor under . . . section 1170.18, subdivision (g)."

Under section 1170.18, subdivision (f), defendant is entitled to have his crime reclassified as a misdemeanor if he would have been guilty of a misdemeanor "had [Proposition 47] been in effect at the time of the offense." At the time defendant committed his offense, section 496 was a wobbler, punishable either as a misdemeanor or a felony. Proposition 47 amended section 496 by reclassifying the crime as a misdemeanor, provided the value of the received stolen property was less than $950 and the defendant had not been convicted of a prior offense specified in section 667, subdivision (e)(2)(C)(iv) (the "super strikes"). Count 2, therefore, is within the scope of section 1170.18, subdivision (f), provided that the amount stolen had a value of less than $950 and defendant did not have a prior "super strike." The prosecutor's concession in the trial court that defendant's offense qualified for reclassification and that defendant was "entitled to have the felony conviction[] designated as a misdemeanor[]" necessarily conceded (1) that defendant had completed his sentence, (2) that the section 496 conviction was for receiving stolen property worth less than $950, and (3) defendant had not suffered a prior "super strike."

We are uncertain whether the court's ruling — that the offense of receiving stolen property did not "fall within Prop 47" — was a mistaken reading of the statutory eligibility, or a comment on the lack of evidence regarding the value of the stolen property or of the lack of a prior "super strike." If the court meant that the crime of receiving stolen property was not within the scope of section 1170.18, the court erred in its reading of the statute. And the prosecutor's concession that defendant was entitled to

3

the reclassification made proof of the value of the stolen property or lack of a prior "super strike" unnecessary.

DISPOSITION

The order denying defendant's reclassification petition as to count 2, receiving stolen property, is reversed.  The matter is remanded with instructions to grant defendant's petition to reclassify his 2008 receiving stolen property conviction as a misdemeanor.

IKOLA, J.

WE CONCUR:


MOORE, ACTING P. J.


THOMPSON, J.

4